IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FLOR GUTIERREZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 13 C 1709 |
| | ) | |
| TOWN OF CICERO and | ) | |
| Cicero Police Officer VINCENT ACEVEZ, | ) | |
| | ) | |
| Defendant. | ) | |

## **DEFENDANTS' ANSWER & AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

The Defendants, the TOWN OF CICERO and VINCENT ACEVEZ, by and through their attorney K. Austin Zimmer of DEL GALDO LAW GROUP, LLC, in answer to Plaintiff's Complaint states:

## **JURISTICTION AND VENUE**

1.  The Plaintiff, Flor Gutierrez, brings this action to redress injury done to her by the defendants' intentional deprivation of Gutierrez's rights under the Fourth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

**ANSWER: Defendants deny that Gutierrez's rights were violated, but admit this action is brought pursuant to 42 U.S.C. § 1983.**

2.  The jurisdiction of this court is proper under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

**ANSWER: Defendant admits the allegations contained in Paragraph 2.**

3.  Because the deprivation of constitutionally protected rights occurred within the Northern District of Illinois, venue is proper in this district.

**ANSWER: Defendants admit venue is proper, but deny the deprivation of any rights occurred.**

## PARTIES

4. Flor Gutierrez is a natural person, residing in the Town of Cicero, Cook County, Illinois.

**ANSWER: Defendants admit the allegations contained in Paragraph 4.**

5. Defendant Town of Cicero is a municipal corporation, organized and existing under and by virtue of the laws of the State of Illinois.

**ANSWER: Defendants admit the allegations contained in Paragraph 5.**

6. Through its operations, defendant Town of Cicero established and organized the Cicero Police Department.

**ANSWER: Defendants admit the allegations contained in Paragraph 6.**

7. Defendant Vincent Acevez is a natural person, employed by the Town of Cicero as a police officer, Star #395.

**ANSWER: Defendants admit the allegations contained in Paragraph 7.**

## FACTS

8. On February 23, 2013, at approximately 12:25 a.m., Flor Gutierrez and her four daughters were sleeping in her home at 1627 South 50th Court, Cicero, Illinois.

**ANSWER: Defendants lack sufficient knowledge regarding the allegations contained in Paragraph 8.**

9. At the time and place aforesaid, seven to ten as of yet unidentified Cicero police officers broke into Flor Gutierrez' home and garage. The Cicero police officers broke the back

gate to the house, they broke the garage door and they broke the back door. The Cicero police officers also tried to force open the front door of the house.

**ANSWER: Defendants deny the allegations contained in Paragraph 9.**

10. The unidentified Cicero police officers did not have a warrant to enter into the Gutierrez home.

**ANSWER: Defendants admit the allegations contained in Paragraph 10.**

11. Once they broke into the back of the house, the police officers entered Flor Gutierrez' second floor apartment, without her permission.

**ANSWER: Defendants lack sufficient knowledge regarding the allegations contained in Paragraph 11.**

12. The unidentified Cicero police officers terrorized Flor Gutierrez and her daughters, ages 16, 7, 4 and 1.

**ANSWER: Defendants deny the allegations contained in Paragraph 12.**

13. The unidentified Cicero police officers threatened Gutierrez with arrest as an accomplice to murder.

**ANSWER: Defendants deny the allegations contained in Paragraph 13.**

14. Flor Gutierrez made several calls to 911, first because she did not know that the intruders were police officers, and alter because the intruders entered illegally into her home.

**ANSWER: Defendants lack sufficient knowledge regarding the allegations contained in Paragraph 14.**

15. The 911 operator asked Gutierrez to speak to the sergeant in the group. Gutierrez spoke to a police officer wearing a white uniform shirt. That officer told Gutierrez that the police could do whatever they wanted and that she should shut up or she would be arrested.

**ANSWER: Defendants deny the allegations contained in Paragraph 15.**

16.     The Cicero Police officers then left the premises.

**ANSWER: Defendants admit the allegations contained in Paragraph 16.**

17.     Later that day, at approximately 2:30 a.m., the unidentified Cicero police officers returned to Gutierrez' home, entered illegally, without a warrant, handcuffed her and placed her under arrest.

**ANSWER: Defendants deny the allegations contained in Paragraph 17.**

18.     The unidentified Cicero police officers threatened to take Flor Gutierrez' children and turn them over to DCFS.

**ANSWER: Defendants deny the allegations contained in Paragraph 18.**

19.     Flor Gutierrez was taken to a police vehicle and kept there for a lengthy perior (sic) of time.

**ANSWER: Defendants admit that Plaintiff was taken to a police vehicle, but deny she was kept there for a lengthy period of time.**

20.     After waiting handcuffed in the police vehicle, Cicero police officer Acevez opened the door to the vehicle and spoke to Flor Gutierrez.

**ANSWER: Defendants admit the allegations contained in Paragraph 20.**

21.     Officer Acevez told Gutierrez that he would let her go if she would let the Cicero police into her house. Otherwise, Officer Acevez threatened that Gutierrez' children would be taken to DCFS.

**ANSWER: Defendants deny the allegations contained in Paragraph 21.**

22.     Gutierrez, under duress, allowed the Cicero police officers into her house.

**ANSWER: Defendants admit Gutierrez allowed police officers into her house but deny she did so under duress.**

23. The Cicero police officers searched the Gutierrez home and found nothing illegal in the home. After searching the home, Officer Acevez forced Gutierrez to sign a paper indicating that she had given permission for the search of her home.

**ANSWER: Defendants deny the allegations contained in Paragraph 23.**

24. At all times pertinent Cicero police officer Acevez and the unidentified Cicero police officers were acting within the course and scope of their employment with the Town of Cicero.

**ANSWER: Defendants admit the allegations contained in Paragraph 24.**

25. At all times pertinent Cicero police officer Acevez and the unidentified Cicero police officers were acting under the color of state law.

**ANSWER: Defendants admit the allegations contained in Paragraph 25.**

<u>**COUNT I – CIVIL RIGHTS TOWN OF CICERO**</u>

1-25. Plaintiff, Flor Gutierrez repeats and realleges the allegations contained in paragraphs 1 through 25 as paragraphs 1 through 25 of Count I, a though set forth verbatim herein.

**ANSWER: The Defendants re-allege and incorporate by reference their answers to Paragraphs 1-25 of this Complaint as though set forth in this Paragraph of their answer to this Complaint in their entirety.**

26. The defendant, Town of Cicero, through the establishment of the Cicero Police Department, and as the sole policymaker for the Cicero Police Department, promulgated, adopted and/or put into effect policies, procedures and/or de facto customs which were in direct

violation of 42 USC § 1983, and in direct contravention of the constitutionally guaranteed rights of all citizens of the United States to be free from unreasonable and unlawful searches of their homes, which policies, procedures and/or de facto customs, were in force and in effect on February 23, 2013.

**ANSWER: Defendants deny the allegations contained in Paragraph 26.**

27. Cicero police officers are not properly trained.

**ANSWER: Defendants deny the allegations contained in Paragraph 27.**

28. Cicero police officers are not given continuing training after leaving the police academy.

**ANSWER: Defendants deny the allegations contained in Paragraph 28.**

29. The Town of Cicero does not properly investigate the illegal activities of its Police officers.

**ANSWER: Defendants deny the allegations contained in Paragraph 29.**

30. The Town of Cicero deliberately fails to adequately keep records of misconduct to prevent patterns of misconduct from being established. These actions deliberately further the concealment of police misconduct.

**ANSWER: Defendants deny the allegations contained in Paragraph 30.**

31. The Town of Cicero also has a practice of condoning police misconduct and not disciplining officers who engage in misconduct.

**ANSWER: Defendants deny the allegations contained in Paragraph 31.**

32. The actions of the police defendants as alleged above were done pursuant to one or more *de facto* policies, practices and/or customs of the Town of Cicero.

**ANSWER: Defendants deny the allegations contained in Paragraph 32.**

33. The *de facto* policies, practices, and customs of the defendant Town of Cicero, results in indifference by police officers so that they use their office illegally and with impunity.

**ANSWER: Defendants deny the allegations contained in Paragraph 33.**

34. The aforementioned policies, practices, and customs of the defendant Town of Cicero, are a proximate cause of the injury to the plaintiff and the deprivation of the plaintiff's constitutionally protected rights.

**ANSWER: Defendants deny the allegations contained in Paragraph 34.**

35. The aforementioned policies, practices, and customs of the defendant Town of Cicero were maintained and implemented with deliberate indifference and have encouraged the individual defendants to commit wrongful acts against the plaintiff, and are therefore a direct and proximate cause of the injury to the plaintiff and the deprivation of the plaintiff's constitutionally protected rights.

**ANSWER: Defendants deny the allegations contained in Paragraph 35.**

36. The above actions by defendant Town of Cicero violated the plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

**ANSWER: Defendants deny the allegations contained in Paragraph 36.**

## COUNT II – CIVIL RIGHTS OFFICER ACEVEZ

1-25. Plaintiff, Flor Gutierrez repeats and realleges the allegations contained in paragraphs 1 through 25 as paragraphs 1 through 25 of Count II, as though set forth verbatim herein.

**ANSWER: The Defendants re-allege and incorporate by reference their answers to Paragraphs 1-25 of this Complaint as though set forth in this Paragraph of their answer to this Complaint in their entirety.**

26. 42 U.S.C. § 1983, provides that every person who, under color of law, subjects any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and laws of the United States, shall be liable to the injured party in an action at law, suit in equity or other proper proceeding for redress.

**ANSWER: Defendants admit that Paragraph 26 contains the definition of 42 U.S.C. § 1983. Defendants deny any violations occurred.**

27. The Fourth Amendment protects the right to be free from unwanted intrusion into one's home and there be free from unreasonable government intrusion and seizures of one's person.

**ANSWER: Defendants admit that Paragraph 27 stated the definition of the Fourth Amendment but deny any violations occurred.**

28. Defendant, Cicero police officer Acevez violated Flor Gutierrez' constitutionally protected rights in that he entered the Gutierrez home without a warrant, illegally placed her under arrest, falsely charged her as an accomplice to murder, and threatened to keep her under arrest and take away her children unless she allowed the Cicero police into her home.

**ANSWER: Defendants deny the allegations contained in Paragraph 28.**

29. The unidentified Cicero police officers violated Flor Gutierrez' constitutionally protected rights in that they entered the Gutierrez home without a warrant, illegally placed her under arrest, falsely charged her as an accomplice to murder, and threatened to keep her under arrest and take away her children unless she allowed the Cicero police into her home.

**ANSWER: Defendants deny the allegations contained in Paragraph 29.**

30. As a direct and proximate result of the intentional deprivation of Flor Gutierrez' constitutionally protected rights, Flor Gutierrez suffered personal and pecuniary injuries.

**ANSWER: Defendants deny the allegations contained in Paragraph 30.**

## COUNT III – STATE LAW INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

1-25. Plaintiff, Flor Gutierrez repeats and realleges the allegations contained in paragraphs 1 through 25 as paragraphs 1 through 25 of Count III, as though set forth verbatim herein.

**ANSWER: The Defendants re-allege and incorporate by reference their answers to Paragraphs 1-25 of this Complaint as though set forth in this Paragraph of their answer to this Complaint in their entirety.**

26. The acts of the defendant Cicero police officer Acevez and the unidentified Cicero police officers toward Flor Gutierrez, were extreme and outrageous.

**ANSWER: Defendants deny the allegations contained in Paragraph 26.**

27. The defendant Cicero police officer Acevez and the unidentified Cicero police officers intended to disregard, or recklessly disregarded, the probability that their conduct would cause Flor Gutierrez to suffer emotional distress.

**ANSWER: Defendants deny the allegations contained in Paragraph 27.**

28. Flor Gutierrez endured severe or extreme emotional distress.

**ANSWER: Defendants deny the allegations contained in Paragraph 28.**

29. The conduct of defendant Cicero police officer Acevez and the unidentified Cicero police officers actually and proximately caused Flor Gutierrez' distress.

**ANSWER: Defendants deny the allegations contained in Paragraph 29.**

30. In taking these actions, defendant Cicero police officer Acevez and the unidentified Cicero police officers were acting in the course and scope of their employment with the Town of Cicero.

**ANSWER: Defendants deny any wrongful actions occurred.**

31. The Town of Cicero is liable for the acts of its police officers while they are acting in the course and scope of their employment.

**ANSWER: Defendants admit the allegations contained in Paragraph 31.**

## COUNT IV – FALSE ARREST AND FALSE IMPRISONMENT

1-25. Plaintiff, Flor Gutierrez repeats and realleges the allegations contained in paragraphs 1 through 25 as paragraphs 1 through 25 of Count IV, as though set forth verbatim herein.

**ANSWER: The Defendants re-allege and incorporate by reference their answers to Paragraphs 1-25 of this Complaint as though set forth in this Paragraph of their answer to this Complaint in their entirety.**

26. Defendant Cicero police officer Acevez and the unidentified Cicero police officers unlawfully restrained the plaintiff, Flor Gutierrez.

**ANSWER: Defendants deny the allegations contained in Paragraph 26.**

27. Plaintiff Flor Gutierrez was restrained, by defendant Cicero police officer Acevez and unidentified Cicero police officers, against her will.

**ANSWER: Defendants deny the allegations contained in Paragraph 27.**

28. Plaintiff Flor Gutierrez was deprived of her personal liberty and freedom of locomotion by defendant Cicero police officer Acevez and unidentified Cicero police officers.

**ANSWER: Defendants deny the allegations contained in Paragraph 28.**

29. In taking these actions, defendant Cicero police officer Acevez and the unidentified Cicero police officers were acting in the course and scope of their employment with the Town of Cicero.

**ANSWER: Defendants deny any illegal actions occurred. Defendants admit that Acevez was acting within the scope of his employment.**

30. The Town of Cicero is liable for the acts of its police officers while they are acting in the course and scope of their employment.

**ANSWER: Defendants admit the allegations contained in Paragraph 30.**

### COUNT V – RESPONDEAT SUPERIOR TOWN OF CICERO

1. Plaintiff Flor Gutierrez repeats and realleges the allegations contained in Counts 1 through IV, as though set forth verbatim herein.

**ANSWER: The Defendants re-allege and incorporate by reference their answers to Counts I through IV of this Complaint as though set forth in this Paragraph of their answer to this Complaint in their entirety.**

2. Illinois law, 735 ILCS 10/9-102, provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

**ANSWER: Defendants admit that this allegation contains an accurate reading of 735 ILCS 10/9-102.**

3. Defendant, Cicero police officer Acevez and unidentified Cicero police officers, were, at all times relevant, acting within the course and scope of their employment with the Town of Cicero. These Cicero police officers acted within the course and scope of their employment in committing the misconduct described herein.

**ANSWER: Defendants admit that Acevez was acting within the scope of employment.**

                    Respectfully Submitted,

                    By: */s/K. Austin Zimmer*
                    One of the Defendants' attorneys

K. Austin Zimmer (ARDC No.6276227)
DEL GALDO LAW GROUP, LLC
*Attorneys for the Defendants*
1441 South Harlem Avenue
Berwyn, Illinois 60402
Tel. (708) 222-7000
Fax. (708) 222-7001

## **THE TOWN OF CICERO'S AFFIRMATIVE DEFENSES**

The Town asserts the following affirmative defenses to Plaintiff's claims as set forth above:

1. Under the Illinois Governmental Employee Tort Immunity Act ("Tort Immunity Act"), the Town (a local public entity), is not liable if its employees or agents are not liable to the Plaintiff. 745 ILCS 10/2-109. Accordingly, Plaintiff's claims against the Town of Cicero are barred, in whole or in part, by the Tort Immunity Act.

2. Under the Tort Immunity Act, the Town (a local public entity) is not liable because a public employee is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204. Accordingly, Plaintiff's claims against the Town of Cicero are barred, in whole or in part, by the Tort Immunity Act.

3. Under the Tort Immunity Act, the Town (a local public entity) is not liable because a public employee is not liable for his/her acts or omissions in the execution or enforcement of any law, unless such acts or omissions constitute willful and wanton conduct. 745 ILCS 10/2-202. Accordingly, Plaintiff's claims against the Town of Cicero are barred, in whole or in part, by the Tort Immunity Act.

4. Under the Tort Immunity Act, the Town (a local public entity) is not liable because the Unknown Officer Defendants exercised discretion on a non-ministerial matter and are not liable for any resulting injuries. 745 ILCS 10/2-201. Accordingly, Plaintiff's claims against the Town of Cicero are barred, in whole or in part, by the Tort Immunity Act.

5. To the extent any injuries or damages claimed by Plaintiff was proximately caused, in whole or in part, by negligent, willful, wanton and/or wrongful conduct on the part of Plaintiff, any verdict or judgment obtained by Plaintiff must be reduced by application of the

principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiff by the jury in this case, and, if Plaintiff's fault is determined to exceed fifty percent (50%) of the total cause, then Plaintiff must be barred from recovery herein.

WHEREFORE, the Town of Cicero requests judgment in its favor against Plaintiff with costs assessed against Plaintiff and in favor of the Town of Cicero.

### **AFFIRMATIVE DEFENSE OF OFFICER ACEVEZ**

The following affirmative defense is hereby asserted by Officer Acevez:

1. At all relevant times, Officer Acevez acted as a police officer for the Town of Cicero and is entitled to qualified immunity for his actions, as he was not acting in his individual capacity.

2. Plaintiff's claims are barred under the Illinois Tort Immunity Act. 745 ILCS 10/2-202. The actions of Officer Acevez did not constitute willful and wanton conduct.

Respectfully Submitted,

By: */s/*K. Austin Zimmer
One of the Defendants' attorneys


K. Austin Zimmer (ARDC No.6276227)
DEL GALDO LAW GROUP, LLC
*Attorneys for the Defendants*
1441 South Harlem Avenue
Berwyn, Illinois 60402
Tel. (708) 222-7000
Fax. (708) 222-7001